IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                             :

ESTHER A. ORTEGA RODRIGUEZ                          :      CASE NO. 11-09482 (ESL)

    Debtor                                         :      CHAPTER 13

------------------------------------------------------- :

ESTHER A. ORTEGA RODRIGUEZ                          :      ADVERSARY NO. 12-00003

    Plaintiff                                      :

      vs.                                        :

DORAL BANK                                          :

    Defendant                                      :

_____                   :

## OPINION AND ORDER

This adversary proceeding is before the court upon a *Motion for Summary Judgment* (Docket No. 7) filed by defendant Doral Bank ("Doral") seeking dismissal with prejudice of the instant case and the Plaintiff's *Reply* thereto requesting summary judgment to have Doral Bank be deemed as an unsecured creditor (Docket No. 13). After a pre-trial conference, the Court took the matter under advisement. For the reasons stated below, Doral's *Motion for Summary Judgment* is granted, Plaintiff's *Reply* is denied and consequently the instant adversary proceeding is hereby dismissed.

## Background

On November 3, 2003, the Plaintiff executed Mortgage Deed No. 1086 before Notary Public Jose Herminio Santiago (the "*Mortgage Deed*") to secure a lien on a real property located at AY350 29th Street, Jardines de Rio Grande, Rio Grande, Puerto Rico (the "Real Property"). Said *Mortgage Deed* was filed on December 2, 2003 at Entry No. 41 of the Daily Entries Book No. 212 of the Property Registry, Rio Grande Division, Section III of Carolina (the "Property Registry"). See Docket No. 7, p. 39.

On July 23, 2009, Doral filed a foreclosure complaint (the "*Foreclosure Complaint*") before the Puerto Rico Court of First Instance, Rio Grande Part (the "PR Court of First Instance"), in Case No. N3CI200900553 captioned Doral Bank v. Fernando Rodriguez Rivera, Esther A. Ortega Rodriguez and their conjugal partnership, alleging that Plaintiff had defaulted on her mortgage

payments (Docket No. 7, pp. 12-14).  On November 16, 2009, Doral filed a motion before the PR Court of First Instance informing that although the *Mortgage Deed* had been filed at the Property Registry it had not then been recorded and thus requested the entry of default judgment on the collection of monies while holding in abeyance the execution of the mortgage foreclosure until the *Mortgage Deed* was duly recorded.  See Docket No. 7, pp. 35-38.  On November 30, 2009, the PR Court of First Instance granted Doral's motion and as a result, on even date issued a default judgment only ruling on the collection of monies while expressly holding in abeyance any foreclosure determination until the *Mortgage Deed* was recorded at the Property Registry.  See Docket Nos. 7, p. 15, and 13, p. 12.  Neither the judgment or the order granting Doral's motion was appealed.

On January 19, 2010, Doral filed the *Foreclosure Complaint* at Entry No. 1428 of the Daily Entries Book No. 245 of the Property Registry.  See Docket No. 7, p. 41.

On May 6, 2011, Doral filed a motion to execute the judgment whereby it informed the PR Court of First Instance that the *Mortgage Deed* had been recorded pursuant to Act No. 216 signed into law on December 27, 2010.  See Docket No. 42, pp. 22-24.  On May 17, 2011, the PR Court of First Instance issued an *Order to Execute Judgment* to foreclose through public auction the Plaintiff's Real Property.  See Docket No. 42, pp. 25-25.  No party sought review of that *Order.*  On June 1, 2011, the PR Court of First Instance issued a writ of execution ordering the marshal to proceed with the public auction of the Real Property, which was scheduled for November 1, 2011.  See Docket No. 7, p. 28.  The announcement of the public auction was duly published on September 27, 2011 and October 5, 2011.  See Docket No. 41, p. 29.

The day before the public auction was to be held, *i.e.*, on October 31, 2011 at 5:24 p.m., the Plaintiff filed her Chapter 13 bankruptcy petition.  See Lead Case Docket No. 1.

The public auction was held on November 1, 2011 at 10:30 a.m.  Only two bidders appeared: Doral and Falcon Development Corp. ("Falcon").  The Real Property was sold to Falcon, the highest bidder, and the auction was closed.  At 10:55 a.m., Doral's lawyers became aware that the Plaintiff had filed for bankruptcy the day before and proceeded then to communicate with the marshal to halt the public auction, although the message was relayed onto the marshal at 11:13 a.m. when the

auction had already been closed.  Docket No. 7, p. 30.

On November 3, 2011, Doral filed an urgent motion before the PR Court of First Instance to stay the proceedings due to Plaintiff's bankruptcy filing.  It also requested the Court to declare the public auction null and void.  On December 10, 2011, Falcon filed a motion before the PR Court of First Instance to disburse the funds it had paid at the auction, which had been consigned with the Clerk of that Court.  See Docket No. 7, pp. 41-42.

On January 11, 2012, the Plaintiff filed the instant *Complaint* (Docket No. 1) premised on two causes of action: (a) when Doral requested the conversion of the *Foreclosure Complaint* from a mortgage foreclosure proceeding to an ordinary collection action and obtained a judgment without procuring the attachment of the Real Property, it relinquished its secured collateral and became an unsecured creditor and consequently is now bared or estopped from executing the *Mortgage Deed*; and (b) Doral willfully violated the automatic stay when it pursued the judicial sale of the Real Property after the Plaintiff filed for bankruptcy.  On February 10, 2012, Doral filed its *Answer to the Complaint* (Docket No. 2) denying both causes of action.

On May 3, 2012, Doral filed the *Motion for Summary Judgment* (Docket No. 7) seeking dismissal with prejudice of Plaintiff's *Complaint*.  Doral asserts that upon receipt of the notification of Plaintiff's bankruptcy filing, its lawyers communicated with the PR Court of First Instance's marshal to stay the judicial sale proceeding but when they did the Real Property had already been sold to Falcon.  It avers that it acted promptly and diligently, and thus did not willfully violate the automatic stay.  Doral also contends that it did not relinquish its rights as a secured creditor when it sought a collection of monies judgment while holding in abeyance the foreclosure proceeding until the *Mortgage Deed* was duly recorded.

On May 18, 2012, this Court held a pre-trial conference where the Plaintiff withdrew the second cause of action of her *Complaint* regarding Doral's alleged willful violation of the automatic stay.  The Court also granted her 14 days to oppose Doral's *Motion for Summary Judgment*.  See Docket No. 11.

On June 1, 2012, Plaintiff filed a *Reply to Motion for Summary Judgment* (Docket No. 13) arguing that once the PR Court of First Instance issued the judgment only adjudicating the collection

of monies and holding in abeyance the foreclosure of the Real Property, it could not subsequently reopen the case "by the finality of the judgment" (Docket No. 13, p. 8) and that Doral's motion to execute the judgment (Docket No. 7, pp. 22-24) could not convert the collection of monies judgment into a foreclosure proceeding.

On July 7, 2012, Doral filed a *Response to Plaintiff's Opposition to Motion for Summary Judgment* (Docket No. 15) restating its prior position.

Legal Analysis and Discussion

In Valle-Hiraldo v. Banco Popular (In re Valle-Hiraldo), 471 B.R. 676 (Bankr. D.P.R. May 29, 2012), this Court recently ruled on the same controversy presented in the instant case. In Valle-Hiraldo, R&G Mortgage Corp. ("R&G", subsequently acquired by Banco Popular ("BPPR")) filed an ordinary foreclosure complaint against the debtor before the PR Court of First Instance alleging that the debtor had defaulted on her mortgage payments. Subsequently, R&G filed a motion informing that its mortgage deed had not then been recorded at the Property Registry and thus requested the entry of a collection of monies judgment, which the PR Court of First Instance issued. Then, R&G obtained a *lis pendens* lien on the debtor's real property and an order to hold a public auction to sell it in execution of the collection of monies judgment. The debtor in that case filed for bankruptcy before the public auction was conducted and filed an adversary proceeding to declare the bank an unsecured creditor alleging, *inter alia*, that it had "abandoned" the execution of its mortgage foreclosure cause when it moved the PR Court of First Instance for a personal collection of monies judgment while the mortgage deed was registered at the Property Registry. Id. at 679-680. Based on that "abandonment" argument, the debtor also purported that the *res judicata* doctrine precluded BPPR from foreclosing the mortgage. Id. at 680.

In regards to that "abandonment" argument, the Court ruled as follows:

> The court rejects [the d]ebtor's argument that BPPR "abandoned" its mortgage when it sought a personal collection of monies judgment and a judicial lien over the real property. Contrary to the [d]ebtor's contention, BPPR's motion for a personal collection of monies judgment before the PR Court of First Instance does not constitute an abandonment of its *in rem* cause of action. In Puerto Rico, an ordinary foreclosure action --like in the one initiated by BPPR before the PR Court of First Instance against the Debtor-- is mixed in nature, meaning that "it is real and personal". P.R. Prod. Credit Ass'n v. Registrador, 23 P.R. Offic. Trans. 213, 222, 123 D.P.R. 231, 241 (1989), citing Widow of Carlo v. Toro, 99 P.R.R. 196, 212, 99 D.P.R. 200 (1970).

4

Both remedies are considered to be merged into "one single mixed claim" when they are sought against the owner of the mortgaged real property like the instant case. P.R. Prod. Credit Ass'n v. Registrador, 23 P.R. Off. Trans. at 224, 123 D.P.R. at 245-246; First Federal Savings v. Nazario, 138 D.P.R. 872, 880-881 (1995). A creditor seeking personal and *in rem* remedy within the ordinary foreclosure action may only continue with the personal collection of monies action as "it is perfectly lawful for a creditor to resort to a preventive measure as is the attachment to protect [its] rights and prevent the judgment from becoming ineffective". P.R. Prod. Credit Ass'n v. Registrador, 23 P.R. Off. Trans. at 224, 123 D.P.R. at 244.

That is exactly what BPPR did before the PR Court of First Instance: take all the necessary steps to secure its judgment. Ultimately, the remedy is one and the same: ordering the payment of the unpaid credit. See First Federal Savings v. Nazario, 138 D.P.R. at 880. Therefore, while BPPR awaited the Property Registrar to record the *Mortgage Deed* ... it was entitled to seek a provisional collection of monies judgment and a judicial lien to secure it over the Real Property. Such a course of action does not constitute an "abandonment" on its potential *in rem* mortgagor rights and subsequent execution mechanisms upon the registration of *Mortgage Deed* nor does it invalidate BPPR's secured credit in these proceedings.

In re Valle-Hiraldo, 471 B.R. at 683-684. The Court hereby reiterates its ruling in that case. Likewise, "[b]ecause the Debtor used the alleged 'abandonment' of the mortgage as the main premise for its remaining argument[] of *res judicata* ... [it is] also denied." Id. at 684.

Conclusion

In view of the foregoing, Doral's *Motion for Summary Judgment* is hereby granted and the Debtor's *Reply* thereto and for summary judgment is hereby denied. Therefore, it is now ordered that the instant adversary proceeding be and is hereby dismissed with prejudice.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 19th day of October 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

5